# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LINDSEY THOMAS, | CV F  06-0099 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| DARRYL ADAMS, Warden, | [Doc. 8] |
| Respondent. / | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### BACKGROUND[1]

On March 14, 2003, following a jury trial in the Kern County Superior Court, Petitioner was convicted of conspiracy (Cal. Penal Code § 182(a)(1)),[2] transportation of methamphetamine (Cal. Health & Saf. Code § 11379), possession of methamphetamine for sale (Cal. Health & Saf. Code § 11378), and possession of a destructive device (§ 12303).  The weight enhancement (Cal. Health & Saf. Code § 11370.4(b)(1)) and arming enhancement (§§ 12022(a)(1) & 12022(c)) allegations were found true.  On May 6, 2003, Petitioner was sentenced to a total term of eight years in state prison.  (Respondent's Lodged Doc. No. 1.)

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.

[2] All further statutory references are to the California Penal Code unless otherwise indicated.

1

Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District. (Respondent's Lodged Doc. No. 2.)

After briefing was complete, the Court of Appeal affirmed the judgment in its entirety on November 30, 2004. (Respondent's Lodged Doc. No. 5.)

Petitioner did not file any state habeas petitions in state court.[3]

On January 31, 2006, Petitioner filed the instant petition for writ of habeas corpus.

On February 15, 2006, the Court directed Respondent to submit a response to the petition.

Respondent filed the instant motion to dismiss on April 17, 2006.

Petitioner did not file an opposition.

## DISCUSSION

### A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

///

---

[3] Respondent states that he has confirmed the absence of any state habeas filing by consulting the Kern County Superior Court via telephone, and the Fifth District Court of Appeal and the California Supreme Court via http://appellatecases.courtinfo.ca.gov. As this factual representation is not contradicted or contested, the Court assumes it to be true.

B.      Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge her conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated her due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner raises seven grounds for relief. Respondent argues that Grounds One and Two of the petition are exhausted, however, Grounds Three through Seven are unexhausted, resulting in a mixed petition. The Court will address each claim separately.

1.  <u>Ground One</u>

Petitioner claims that there was insufficient evidence to sustain his convictions beyond a reasonable doubt under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Petition, at 5.)

As Respondent concedes, this claim is exhausted as it was presented to the California Supreme Court in the petition for review. (Lodged Doc. No. 6, at 3-9.)

///

4

### 2. Ground Two

Petitioner claims that the trial court erred when it permitted the admission of twenty-year-old "'uncharged' hearsay offenses" in violation of his Fourth, Sixth and Fourteenth Amendment rights. (Petition, at 5.)

As Respondent concedes, this claim is exhausted as it was presented to the California Supreme Court in the petition for review. (Lodged Doc. No. 6, at 10-17.)

### 3. Grounds Three Through Seven

In Ground Three, Petitioner contends that "the trial was marred by prosecutorial misconduct which violated Petitioner's right to the due process of law and rendered the trial outcome unreliable in violation of the 14th Amendment."

In Ground Four, Petitioner contends that there was an abuse of judicial discretion when the trial court denied Petitioner's right to testify at the section 1538.5 hearing.

In Ground Five, Petitioner contends that trial counsel provided ineffective assistance in several respects.

In Ground Six, Petitioner contends that appellate counsel provided ineffective assistance in several respects.

In Ground Seven, Petitioner contends that his "trial was marred by judicial misconduct by the trial judge sleeping during the trial proceeding in front of the jury." (Petition, at (6a).)

As Respondent correctly submits, Petitioner did not present Grounds Three through Seven to the state's highest court. Rose v. Lundy, 455 U.S. at 518. The petition for review, the only filing to the California Supreme Court, reveals that only the first two grounds for relief were presented to that Court for review.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 521-22; Gordon, 107 F.3d at 760. However, Petitioner must be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims. Jefferson v. Budge, 419 F.3d 1013 (9th Cir.2005); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide habeas

litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Recommendation and proceed with only the exhausted claims. Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). If petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the entire petition will be dismissed so Petitioner can return to state court to exhaust the remainder of his claims before filing a new federal petition. Rose, 455 U.S. at 520; Guizar v. Estelle, 843 F.2d at 372. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995). However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. Provided Petitioner does not move to withdraw the unexhausted claims, the Finding and Recommendation will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may

1 waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
2 Cir. 1991).

3       IT IS SO ORDERED.

4       **Dated:   June 9, 2006**                        **/s/ Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE